
FILED
2011 Aug-08 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DANA KENDRICK, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 7:11-CV-01849-LSC |
| | ] | |
| WHATLEY HEALTH SERVICES, INC., d/b/a WEST BLOCTON HEALTH CENTER, et al., | ] ] ] ] | |
| Defendants. | ] | |

### MEMORANDUM OF OPINION

Pending is a motion to dismiss the United States as a party-defendant and to remand remaining claims and parties to state court. (Doc. 3.) For the reasons stated herein, this motion is GRANTED.[1]

The Court entered an Order (Doc. 6) on June 16, 2011, giving Plaintiff Kendrick fourteen days to respond to the United States' motion. (Doc. 3.) Kendrick has failed to respond.

In her complaint, Kendrick, the legal representative of decedent,

---

[1] There being no claims remaining other than those made against fictitious parties, the Court, with the consent of the parties, dismisses the case without prejudice rather than remanding the same to state court.

contends that decedent was the victim of medical malpractice at the hands of Dr. Kitturah Klaiss, an agent of Whatley Health Services, which operated the West Blocton Health Center where Dr. Klaiss worked. (Doc. 1 at 9.) The United States claims that Whatley Health Services, and by extension Dr. Klaiss, are associated with the U.S. Government. (Doc. 3 at 3.)

The United States has submitted that Dr. Klaiss "was acting within the scope of federal office or employment for the alleged acts or omissions at the time of the incident out of which plaintiff's claims arose." (Doc. 1 at 34.) The United States has indicated the same for Whatley Health Services and West Blocton Health Center. (Doc. 1 at 34.)

Kendrick is thus suing agents of the United States in tort. The Federal Tort Claims Act provides that one cannot initiate a civil action for "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" until the claimant has "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). In this case, the U.S. contends that Ms. Kendrick should

have filed a claim with the U.S. Department of Health and Human Services ("HHS").

To support this contention, the U.S. provides a declaration from Meredith Torres of HHS, confirming that HHS has records of administrative claims and that Plaintiff has not filed an administrative claim, individually or on behalf of Mr. Kendrick's estate. (Doc. 1 at 27.) Plaintiff has failed to provide any evidence to the contrary. The United States has provided sufficient documentation to show that the claim should have first been filed with HHS. (Doc. 1 at 28.)

The Court thus finds that Plaintiff has not filed an administrative claim or received an administrative decision from HHS, as required for subject matter jurisdiction. Furthermore, Plaintiff's jurisdictional defect cannot be cured by filing an administrative claim now. *See McNeil v. United States*, 508 U.S. 106 (1993). This dismissal is without prejudice, however, allowing Kendrick to file the required claim at the administrative level subject to the pertinent time period. (Doc. 3 at 4.)

The Court thus will dismiss this civil action without prejudice, costs taxed as paid, due to Plaintiff's failure to exhaust administrative remedies

which creates a lack of subject matter jurisdiction. A separate order will accordingly be entered.

    Done this 8th day of August, 2011.

                                 L. SCOTT COOGLER
                                 UNITED STATES DISTRICT JUDGE
                                                              167037